UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: HEATHERWOOD HOLDINGS, LLC | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 09-00076 |
| Debtor. | ) |  |
| _____ | ) | _____ |
|  |  |  |
| HGC, INC., | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | A.P. No. 09-00004 |
|  | ) |  |
| HEATHERWOOD HOLDINGS, LLC, | ) |  |
| WILLIAM A. OCHSENHIRT, III, | ) |  |
| JONATHAN L. KIMERLING, and | ) |  |
| INVERNESS HOLDINGS, LLC d/b/a | ) |  |
| INVERNESS COUNTRY CLUB, S & J | ) |  |
| FAMILY, LLC, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on March 9, 2009, for a final hearing (hereinafter, the "Hearing") on HGC, Inc.'s (hereinafter, the "Plaintiff") Motion to Sever and Remand to Circuit Court of Shelby County (hereinafter, the "Motion to Remand") (Adv. Proceeding No. 8) and Motion to Abstain (Adv. Proceeding No. 10); Heatherwood Holdings, LLC's (hereinafter the "Debtor") Objection to the Plaintiff's Motion to Abstain and Objection to the Plaintiff's Motion to Remand (Adv. Proceeding No. 26) and Supplement and Brief in Support of Objection to the Plaintiff's Motion to Abstain and Objection to the Plaintiff's Motion to Remand (Adv. Proceeding No. 35); defendants' William A. Ochsenhirt, III, Jonathan L. Kimerling, Inverness Holdings, LLC d/b/a Inverness Country Club (hereinafter, "Inverness"), and S & J Family, LLC (hereinafter, collectively

the "Non-Debtor Defendants") Response and Objections to the Plaintiff's Motion to Abstain and Motion to Remand (Adv. Proceeding No. 27) and Supplemental Objection by Non-Debtor Defendants to the Plaintiff's Motion to Remand and Motion to Abstain (Adv. Proceeding No. 34); and the Plaintiff's Reply to Defendants' Briefs in Support of Objection to the Plaintiff's Motion to Abstain and Objection to the Plaintiff's Motion to Remand (Adv. Proceeding No. 45).

Appearing at the Hearing were Lee Benton and Amy Hazelton, attorneys for the Plaintiff; Charles Denaburg and Steven D. Altmann, attorneys for the Debtor; E. Britton Monroe and Taffi Stewart, attorneys for the Non-Debtor Defendants (the Debtor and the Non-Debtor Defendants may collectively be referred to at times as the "Defendants"); Stephen Porterfield, attorney for Jonathan L. Kimerling; Dan Sparks, attorney for First Commercial Bank (hereinafter, the "Bank"); and J. Thomas Corbett, Chief Deputy Bankruptcy Administrator.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151 and 157(a) (1994)[1] and

---

[1] 28 U.S.C. §1334(b) provides:
[N]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §151 provides:
In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. §157(a) provides:
Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district.

the district court's General Order of Reference Dated July 16, 1984, As Amended July 17, 1984.[2]
The Motion to Remand and the Motion to Abstain are core proceedings arising under title 11 of the United States Code as defined in 28 U.S.C. §157(b)(1) and (2)(A).[3] *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1011 n.4 (Bankr. N.D.Ala. 1996) ("[W]hile a bankruptcy court may ultimately determine that a civil action is itself a non-core matter, the determinations of whether the removal of that action was proper, whether the bankruptcy court should abstain in the matter or whether the matter should be remanded to the state court, are themselves core matters."). In deciding whether to abstain or to remand the state court action back to the Circuit Court of Shelby County, Alabama, this Court has considered the pleadings, briefs, arguments of counsel and the law. Accordingly, this Court finds and concludes as follows.[4]

## I. FINDINGS OF FACT[5]

This adversary proceeding arises from a Complaint filed on December 30, 2008 by the Plaintiff against the Defendants in the Circuit Court of Shelby County, Alabama (hereinafter, the "Complaint"). On January 6, 2009, the Debtor filed for relief under chapter 11 of the Bankruptcy

---

[2]The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. §157(b)(2)(A) provides:
(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate[.]

[4]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5]Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

Code in the United States Bankruptcy Court for the Northern District of Alabama. The next day, January 7, 2009, the Debtor timely filed its Notice of Removal from the Circuit Court of Shelby County, Alabama pursuant to 28 U.S.C. §1452(a)[6] and Rule 9027 of the Federal Rules of Bankruptcy Procedure. Subsequently, the Plaintiff filed its Motion to Remand and Motion to Abstain pursuant to 28 U.S.C. §§ 1447©, 1452(b)[7] and 1334(c) and Rules 7021, 9013, 9014, 9027(d) and 5011 of the Federal Rules of Bankruptcy Procedure.

The facts pertinent to the Complaint and the Plaintiff's motions in this adversary proceeding are as follows. The Debtor is a LLC whose members are S & J Family, LLC (hereinafter "S & J") and William A. Ochsenhirt, III (hereinafter "Ochsenhirt"). Defendant Jonathan L. Kimerling (hereinafter "Kimerling") is a member of S & J. Defendant Inverness is also a LLC, and has the same members as the Debtor: S & J and Ochsenhirt. The Plaintiff is a non-profit corporation organized on or about June 22, 1999 and incorporated by members of Heatherwood Country Club (hereinafter, "HCC"). The Plaintiff operates in Shelby County, Alabama.

The main issues in the Complaint deal with activities related to HCC, which was formed in May 1999 and provided its members with golf, swim and tennis facilities. On or about July 5, 2000,

---

[6] 28 U.S.C. §1452(a) provides:
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[7] 28 U.S.C. §1452(b) provides:
(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 or this title.

the Plaintiff and the Debtor entered into an Agreement (hereinafter, the "Agreement") concerning the Debtor's care and operation of the golf course and facilities. (Adv. Proceeding No. 1) Prior to the execution of the Agreement, on May 26, 2000, the Plaintiff and Pine Cone Capital, Inc. (hereinafter, "Pine Cone") executed an asset purchase agreement whereby Pine Cone acquired certain assets from the Plaintiff, including HCC, and then assigned those acquired assets to the Debtor. One of the terms of the asset purchase agreement was execution of the Agreement between the Debtor and the Plaintiff. A key provision of the Agreement is the Debtor's covenant to operate the golf course for a period of 25 years from the date of the Agreement's execution. Additionally, the Debtor agreed to covenants concerning the maintenance of other facilities.

The Plaintiff filed the Complaint upon the occurrence of a series of alleged events, including: the removal of tangible HCC assets; the threat of the HCC golf course closing and the land being developed for residential use in exchange for memberships to Inverness Country Club; and the overall deterioration of HCC and its facilities. Simultaneously with the filing of the Complaint, the Plaintiff filed a notice of lis pendens and motions for temporary restraining order and preliminary injunction. Upon the Circuit Court of Shelby County's issuance of a temporary restraining order on December 30, 2008, which kept HCC open for a short period of time, the Plaintiff deposited an injunction bond in the amount of $8,000.00. A Motion for Release and Discharge of Bond (adv. proceeding no. 4) filed by the Plaintiff, along with other related pleadings are before the Court in this adversary proceeding.[8]

---

[8]The other pleadings on file with regard to the Motion for Release and Discharge of Bond are: the Debtor's Objection to the Plaintiff's Motion for Release and Discharge of Bond (adv. proceeding no. 13); the Non-Debtor Defendants Opposition to the Plaintiff's Motion for Release and Discharge of Bond (adv. proceeding no. 16); the Plaintiff's Reply to the Debtor's Objection to the Plaintiff's Motion for Release and Discharge of Bond (adv. proceeding no. 23); and the Reply to the Non-Debtor Defendants' Opposition to the Plaintiff's Motion for Release and Discharge of Bond (adv. proceeding no. 24) (hereinafter, these pleadings may be collectively

The Complaint includes the following counts against the Defendants: count one is for injunctive relief and is presently moot;[9] count two alleges breach of contract against the Debtor for failure to operate the golf course in compliance with the Agreement; count three alleges breach of fiduciary duty against Ochsenhirt and Kimerling, individually and as a member and/or agent of S & J and was dismissed in open court at the Hearing; count four alleges tortious interference with a business relationship against the Non-Debtor Defendants; and count five alleges conspiracy to tortiously interfere with a business relationship against the Non-Debtor Defendants. Thus, the only count against the Debtor is count two for breach of contract. In the Motion to Remand, the Plaintiff requests this Court to sever and remand to the Circuit Court of Shelby County only those state law causes of actions alleged against the Non-Debtor Defendants, namely, counts four and five (hereinafter, the "Non-Debtor Counts"). In the Motion to Abstain, the Plaintiff requests the Court to either abstain from hearing all of the counts in the Complaint or only the Non-Debtor Counts in the Complaint.

## II. CONCLUSIONS OF LAW

**A. Removal of the State Action**

The Debtor filed a Notice of Removal of the state action with this Court on January 7, 2009. (Adv. Proceeding No. 1). The Plaintiffs have not alleged any procedural defect in the Debtor's notice of removal or the timeliness with which it was filed. Therefore, this Court concludes that the action was properly and timely removed to this Court.

---

referred to as the "Motion for Release and Discharge of Bond and Related Pleadings).

[9]The Plaintiff's Motion to Remand indicates count one is moot. As previously mentioned, the state court issued a temporary restraining order, and that order has lapsed pursuant to its own terms.

**B. Jurisdiction of the Removed Action**

BLACK'S LAW DICTIONARY defines jurisdiction as "the power of the court to decide a matter in controversy and presupposes the existence of a duly constituted court with control over the subject matter and the parties." BLACK'S LAW DICTIONARY 853 (6th ed. 1990) (citation omitted). This Court has previously found that jurisdiction "is the authority of a court to adjudicate the legal dispute before it." *A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's)*, 227 B.R. 311, 320 (Bankr. N.D. Ala. 1998).

Bankruptcy courts derive their jurisdiction by a conjunctive reading of three federal statutes enacted by Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 codified in 28 U.S.C. §§1334, 151, and 157.[10] Thus, determining that the action falls within the ambit of either §§1334(a) or (b) is the first step in establishing jurisdiction.

Federal district courts have original and exclusive jurisdiction of all cases under title 11. 28 U.S.C. §1334(a).[11] Additionally, federal district courts have original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b).[12] Thus, as noted in *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987):

> Section 1334 lists four types of matters over which the district court has jurisdiction:
> 1. "cases under title 11",
> 2. "proceedings arising under title 11"

---

[10] *See Burlingame v. Whilden (In re Whilden*), 67 B.R. 40, 41-42 (Bankr. M.D. Fla. 1986); *In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715, 718-719 (Bankr. D. Conn. 1986); Lawrence P. King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984*, 38 VAND. L. REV. 675 (1985).

[11] 28 U.S.C. §1334(a) provides:
Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

[12] *See supra* note 1.

> 3. proceedings "arising in " a case under title 11, and
> 4. proceedings "related to" a case under title 11.

*Id.* at 92.

The first category refers merely to the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction. *Id.* Proceedings "arising under title 11" are those that involve a cause of action created or determined by a statutory provision of title 11. *Id.* at 96. The phrase "proceedings arising in" a case under title 11 seems to be a reference to those "administrative" matters that arise only in bankruptcy cases and would have no existence outside of bankruptcy. *Id.* at 97. "Related to" proceedings are those proceedings not falling into any of the other three categories but the outcome of which "could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). It is not necessary to distinguish between these four categories for the purpose of determining whether a particular matter falls within bankruptcy jurisdiction as these references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy.[13]

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit Court of Appeals adopted the standard for "related to" jurisdiction as set out in *Pacor*:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

---

[13] As the Eleventh Circuit has noted, "[t]he 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting E. Scott Fruehwald, *The Related to Subject Matter Jurisdiction of Bankruptcy Courts*, 44 Drake L. Rev. 1, 7 (1995)).

*Id*. at 788 (quoting *Pacor*, 743 F.2d at 994). *See also Munford v. Munford (In re Munford)*, 97 F.3d 449, 453 (11th Cir. 1996) (quoting same). Thus, under the Eleventh Circuit's broad interpretation of "related to jurisdiction", claims against the Defendants brought by the Plaintiff in a civil proceeding regarding the Defendants' business conduct could "conceivably have an effect on the estate being administered in bankruptcy." An award of damages to the Plaintiff would certainly have an impact on the Debtor's bankruptcy estate. Therefore, this Court finds that the state court action is sufficiently "related to" the bankruptcy case so as to fall within §1334. That determination having been made, the Court must now consider whether it is proper to exercise the jurisdiction which exists over the removed case.

**C.** **Exercise of Jurisdiction**

In determining whether it is appropriate to exercise subject matter jurisdiction, the Court must consider one of two doctrines that would cause the Court to decline to exercise the jurisdiction it holds: remand and abstention.

**1. Remand**

Removed cases are transferred back to the state courts via remand. 28 U.S.C. §1452(b). Remand may based upon "any equitable ground." *Id*. These equitable reasons may include those factors listed in §1334(c)(2) for mandatory abstention. *In re Warren*, 125 B.R. 128 (E.D. Pa. 1991); *Cook v. Griffin*, 102 B.R. 875 (N.D. Ga. 1989). The equitable grounds include forum non conveniens, a state court's heightened ability to deal with questions of state law, the expertise of a particular court, the duplicative or uneconomic effort of judicial resources in two forums, prejudice to involuntarily removed parties, comity considerations and the lessened possibility of inconsistent results. *See Glover v. Midland Mortgage Co. of Oklahoma*, 228 B.R. 293, 313 (N.D. Ala. 1998); *Thomasson v. AmSouth Bank*, 59 B.R. 997, 1001 (N.D. Ala. 1986); *In re Irwin*, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005); *Twyman v. Wedlo*, 204 B.R. 1006, 1019 (Bankr. N.D. Ala. 1996); *In re*

Case 09-00004-TOM    Doc 70    Filed 06/22/09    Entered 06/22/09 13:11:12    Desc Main
Document      Page 9 of 14

*Royal*, 197 B.R. 341, 349 (Bankr. N.D. Ala. 1996). The three mandatory abstention requirements which may also be considered are: 1) the proceeding is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, 2) the proceeding could not have been commenced in federal court but for the bankruptcy and 3) the state court can timely adjudicate the cause of action. 28 U.S.C. §1334(c)(2).

Application of these factors to the case at hand weighs in favor of remanding the Non-Debtor Counts against the Non-Debtor Defendants to the Circuit Court of Shelby County, Alabama. The Debtor's greatest concern is that remanding the Non-Debtor Counts against the Non-Debtor Defendants will result in the duplicate efforts of judicial resources. Specifically, the Debtor argues that the Non-Debtor Counts are inextricably woven with count two regarding the Debtor's alleged breach of the Agreement. The Debtor also asserts that if the Non-Debtor Counts are severed and remanded, the Plaintiff will enjoy duplicate discovery. This Court disagrees. This Court can retain count two of the Complaint which does duplicate or overlap portions of the adversary proceeding filed by the Debtor that seeks a sale of the real property.[14] By retaining count two, this Court is ensuring against any varying interpretations or findings regarding the Agreement or its provisions. Most importantly, the causes of action asserted against the Non-Debtor Defendants are separate and independent from the Debtor's alleged breach of the Agreement. The Plaintiff can proceed without a separate finding by any court that the Debtor breached the Agreement in order to assert claims against the Non-Debtor Defendants for the alleged tortious interference with business relations and conspiracy. Thus, it appears that based on the independent nature of these contract and tort causes of action, judicial economy remains in tact and inconsistent results between this Court and the state court should not be a concern.

The Debtor is also concerned that duplicate discovery may occur between the state and

---

[14]*See* Adversary Proceeding Case No. 09-00017.

federal courts, due in part to the Plaintiff's request for a Rule 2004 examination of Ochsenhirt.[15] (Proceeding No. 80) A Rule 2004 examination provides information related to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate [...] ." Fed. R. Bankr. P. 2004(b). A Rule 2004 examination is available upon court order to any party in interest in a bankruptcy case, regardless of whether state court or adversary proceedings are pending. Fed. R. Bankr. P. 2004(a). Thus "duplicate discovery" could occur in any case that had a simultaneous state court case pending, because Rule 2004 examinations are a resource provided by the Federal Rules of Bankruptcy Procedure for any bankruptcy case. This concern of the Debtor's is not enough to warrant this Court's denying the Plaintiff's Motion to Remand. However, this Court is certain that counsel for all parties will, for the sake of their clients, efficiently conduct themselves in whatever discovery takes place.

Additionally, the Defendants urge this Court to retain all remaining counts in the Complaint, because the Plaintiff's allegations do not involve complex state law issues. Although this may be true, the fact still remains that the Complaint is based *solely* upon state law. The state court is the appropriate forum for hearing the Non-Debtor Counts against the Non-Debtor Defendants, and is used to hearing causes of action such as those tort theories asserted in the Non-Debtor Counts. The Non-Debtor Defendants contend this Court is a more convenient forum for all the parties involved, rather than the Shelby County Circuit Court.[16] However, but for the Debtor's bankruptcy case, the Defendants could not be seeking their forum in federal court, and the slight convenience of location is not enough to justify this Court's retaining the state court case. Further, the alleged misconduct is related to property located within Shelby County, Alabama.

Comity considerations also weigh in favor of remand. Although not much had occurred in

---

[15]This Court granted the Plaintiff's request for a Rule 2004 examination in the main bankruptcy case on March 13, 2009. (Proceeding No. 85)

[16]The Shelby County Circuit Court is located in Columbiana, Alabama.

the state court when the Debtor removed the case, the state court, as set forth above, is the appropriate forum for the causes of action against the Non-Debtor Defendants. The Plaintiff will be able to enjoy the forum it originally chose before one of its Defendants filed bankruptcy. Furthermore, the Plaintiff has requested a trial by jury.[17] This Court could conduct a jury trial, but only if all parties consented.[18] Generally, the state court is more accustomed to conducting such trials, and it could be prejudicial to the Plaintiff if the case were not allowed to proceed against the Non-Debtor Defendants in the original state court forum. As Judge Cohen has noted, "'Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand.'" *Twyman v. Wedlo, Inc.*, 204 B.R. at 1020 (quoting *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991)). Thus, in the interest of comity and there being a jury demand, the Shelby County Circuit Court is the appropriate forum for the Non-Debtor Counts against the Non-Debtor Defendants. *See Royal*, 197 B.R. at 350.

**2. Abstention**

The Plaintiff also filed a Motion to Abstain requesting the Court to abstain from hearing all of the counts or only the Non-Debtor Counts against the Non-Debtor Defendants listed in the Complaint. (Adv. Proceeding No. 10) As mentioned above, this Court is retaining count two asserted against the Debtor for breach of contract. Because this Court has found that remand of the Non-Debtor Counts against the Non-Debtor Defendants is appropriate in this instance, it is unnecessary for the Court to enter the debate over the parameters of 28 U.S.C. § 1334(c) and the

---

[17]The Debtor suggests that the arbitration provision in the Agreement may prevent the Plaintiff from seeking a jury trial. This Court believes that such a provision in the Agreement is inapplicable to non-signatories. However, any argument to enforce arbitration will be heard and decided by the Circuit Court of Shelby County, Alabama.

[18]28 U.S.C. § 157(e) provides:
If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

doctrine of abstention. Therefore, the Court will not discuss or rule on the alternative relief requested by the Plaintiff.

### III. CONCLUSION

Based on these findings and conclusions, the circumstances of this proceeding indicate that this Court should grant the Plaintiff's Motion to Remand the applicable counts of the Complaint. Severing and remanding the Non-Debtor Counts against the Non-Debtor Defendants is in the best interest of the Debtor's bankruptcy case and the Plaintiff. Therefore, the remaining Non-Debtor Counts against the Non-Debtor Defendants are due to be remanded to the Circuit Court of Shelby County, Alabama. The Court further remands to the Circuit Court of Shelby County, Alabama for determination the Motion for Release and Discharge of Bond and Related Pleadings. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion to Remand is **GRANTED** in part. The Clerk's office is directed to remand the remaining Non-Debtor Counts (counts four and five) against the Non-Debtor Defendants to the Circuit Court of Shelby County, Alabama. It is further

**ORDERED, ADJUDGED AND DECREED** that the Motion for Release and Discharge of Bond and Related Pleadings are to be **REMANDED** to the Circuit Court of Shelby County, Alabama by the Clerk's office simultaneously with the remand of the Non-Debtor Counts (counts four and five) against the Non-Debtor Defendants.

Dated this the 22nd day of June, 2009.

/s/Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM: ejb

xc: Lee Benton and Amy Hazelton, Attorneys for the Plaintiff

Charles Denaburg and Steven D. Altmann, Attorneys for the Debtor
E. Britton Monroe and Taffi Stewart, Attorneys for the Non-Debtor Defendants
Stephen Porterfield, Attorney for Kimerling
Dan Sparks, Attorney for the Bank
J. Thomas Corbett, Chief Deputy Bankruptcy Administrator