UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: HEATHERWOOD HOLDINGS, LLC | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 09-00076 |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| HGC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A.P. No. 09-00004 |
| | ) | |
| HEATHERWOOD HOLDINGS, LLC, | ) | |
| WILLIAM A. OCHSENHIRT, III, | ) | |
| JONATHAN L. KIMERLING, and | ) | |
| INVERNESS HOLDINGS, LLC d/b/a | ) | |
| INVERNESS COUNTRY CLUB, S & J | ) | |
| FAMILY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding is before the Court on the Motion to Amend Answer to Include Counterclaim ("Motion to Amend") filed by Debtor/Defendant Heatherwood Holdings, LLC ("Debtor") and the Objection to Heatherwood Holdings, LLC's Motion to Amend Answer to Include Counterclaim filed by Plaintiff HGC, Inc. ("HGC"). The Court has jurisdiction pursuant to 28 U.S.C. §§151, 157(a) and 1334(b) and the United States District Court for the Northern District of Alabama's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is

---

[1] 28 U.S.C. § 151 provides:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each

a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).[2]

Debtor seeks to amend its original Answer to HGC's complaint in order to assert a counterclaim for breach of warranty of title. HGC opposes the Motion to Amend, arguing that, among other things, Debtor should not be allowed to amend because the counterclaim should have been asserted earlier in the litigation between the parties. The Court has considered the pleadings and the law and finds and concludes as follows.[3]

---

> bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.
>
> 28 U.S.C. § 157(a) provides:
>
> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> 28 U.S.C. § 1334(b) provides:
>
> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> The General Order of Reference as amended provides:
>
> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2]  28 U.S.C. §§ 157(b)(2)(A) provides:
    (b)(2)Core proceedings include, but are not limited to–
        (A) matters concerning the administration of the estate[.]

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

2

# FINDINGS OF FACT [4]

The factual background has been set forth in detail in this Court's Memorandum Opinion (Doc. 398) entered July 26, 2011, in AP 09-00017-TOM, *Heatherwood Holdings, LLC v. First Commercial Bank* ("Lien AP"). The history of litigation between the parties is a long one. Debtor filed its Chapter 11 bankruptcy case on January 6, 2009. The instant adversary proceeding commenced the next day when Debtor removed to this Court a suit filed by HGC pending in the Circuit Court of Shelby County, Alabama. In its complaint, HGC sought an injunction preventing Debtor and others from ceasing to operate the Heatherwood Country Club, and a judgment for, among other things, breach of contract, breach of fiduciary duty, and tortious interference with a business relationship. Debtor filed its Answer in on July 6, 2009, in which it asserted numerous affirmative defenses but plead no counterclaim against HGC. In the interim between Debtor's Notice of Removal and Answer, Debtor filed the Lien AP to determine the extent, priority and validity of HGC's interest in the real property and to obtain Court approval to sell the real property free and clear of all liens, encumbrances and restrictions. The instant adversary proceeding remained relatively quiet until this Court issued its Memorandum Opinion in the Lien AP holding that an implied restrictive covenant restricts the real property at issue for use as a golf course. Approximately two and one-half months later Debtor filed a Motion to Amend its Answer in this adversary proceeding to include a counterclaim against HGC for breach of warranty of title. In its submission filed in support of the Motion, Debtor asserts that its Motion is timely because the cause of action did not accrue until the Memorandum Opinion was entered, and thus it is well within the

---

[4] Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. 1981).

3

statute of limitations to assert this counterclaim. In opposition, HGC contends that the statute of limitations has expired, but regardless, Debtor's Motion should be denied due to undue delay in asserting the claim. HGC claims Debtor should have known of its potential claim at the beginning of the litigation between the parties, or at the latest by February 2009, when HGC's Answer in the Lien AP contained an affirmative defense setting out its position that covenants running with the land prohibit the land from being used as anything other than a golf course.

## CONCLUSIONS OF LAW

Debtor contends it should have leave to amend its Answer because the statute of limitations for breach of warranty of title has not expired. Before the Court can reach this argument it must first determine whether an amendment should be allowed at all. If an amendment is not appropriate given the circumstances, the statute of limitations argument is irrelevant.

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, made applicable to bankruptcy by Fed. R. Bankr. P. 7015, which provides, in pertinent part

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15. Since the Debtor filed its Motion to Amend several months after its Answer, the Counterclaim may not be amended without leave of the Court. Trial courts have broad discretion

4

in determining whether to grant leave to amend a complaint. *See Jameson v. The Arrow Company*, 75 F.3d 1528, 1534-5 (11th Cir. 1996). The purpose of Rule 15(a) is to "assist in the disposition of litigation on the merits of the case rather than have pleadings become an end in themselves." *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1284 (5th Cir. 1981)(citations omitted). The reason for the amendments, as well as the potential consequences of the amendment, are relevant to the court's decision to grant or disallow leave to amend.

In *Maynard v. Board of Regents*, 342 F.3d 1281 (11th Cir. 2003), the Eleventh Circuit Court of Appeals upheld the district court's denial of a motion to amend complaint when the plaintiff had not shown good cause for the "eleventh hour" amendment. The Eleventh Circuit explained that although Rule 7015, incorporating Fed. R. Civ. P. 15, instructs courts to freely give leave to amend in the interests of justice, there are times when leave to amend is not appropriate:

> "Although '[l]eave to amend shall be freely given when justice so requires,' a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir.2000) (quoting *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir.1992)).

*Maynard*, 342 F.3d at 1287. Such was the case in *Maynard*. The plaintiff moved on the last day of discovery to amend his complaint to add an additional count and an additional defendant; the motion was denied by the district court. On appeal, the Eleventh Circuit concluded that the district court did not abuse its discretion because the amendment would have led to further discovery (the deadline had already been extended), would have delayed the district court's disposition of the case, and would likely have prejudiced the defendant. The appeals court noted that the plaintiff had not explained why the additional count was not included in the original complaint or why the would-be defendant had not already been made a party since the plaintiff knew of the his involvement early

5

on in the case.

In *Old West Annuity and Life Insurance Company v. The Apollo Group*, No. 503CV354OC10GRJ, 2005 WL 1310208 (M.D. Fla. June 1, 2005), similar facts were presented to the court and a similar decision was reached. The plaintiff in *Old West* sought leave to amend the complaint although it was aware at the time of filing its complaint of the facts giving rise to the amendments that it later moved to make. The plaintiff blamed the omission from the original complaint on "inadvertent oversight." After noting that the motion to amend was filed five months after the discovery deadline and more than one and one-half years after the complaint was filed, the court held that:

> [The amendment] would surely work an injustice . . . in the form of undue delay and prejudice. Such amendment would open up a new round of discovery well after the expiration of the discovery and dispositive motion filing cut-offs and for no reason other than [the plaintiff's] "inadvertent oversight." [The plaintiff] offers no reason why the interests of justice require leave to amend under the circumstances. Accordingly, the motion for leave to amend is due to be denied.

*Old West*, 2005 WL 1310208, at *5.

This adversary proceeding was filed January 7, 2009 and Debtor's Answer was filed July 6, 2009. This Court determined in the Lien AP on March 26, 2010 that it would be necessary to certify questions to the Supreme Court of Alabama regarding Alabama law on implied restrictive covenants. The parties submitted briefs regarding implied restrictive covenants to the Alabama Supreme Court. Both Debtor's counsel and HGC's counsel participated in the three-day trial in the Lien AP beginning February 7, 2011, in which implied restrictive covenants and notice of the same were significant issues. Debtor waited until October 2011 to file its Motion for Leave to Amend although Debtor knew much earlier than that of this Court's consideration of an implied restrictive covenant

6

and of the possibility this Court could recognize the existence of an implied restrictive covenant. The facts that gave rise to the implied restrictive covenant and the facts that Debtor contends give rise to a claim for breach of warranty of title are the same. Had the counterclaim been asserted earlier, it could have been addressed simultaneously with the related implied restrictive covenant issue during the discovery process, at trial, and in mediation.[5] Allowing the counterclaim now would result in undue delay and undue prejudice to HGC.

On another note, if the counterclaim were allowed, it would not merely bring before this Court the question of whether HGC breached the warranty of title. The statute of limitations argument will become relevant, and before the Court could reach the merits of the counterclaim, it would have to determine whether the statute of limitations has expired. Should the question be answered in the affirmative another wrinkle arises - the Court must consider whether the relation-back doctrine would allow Debtor to bypass the statute of limitations to assert the claim regardless. These questions will involve additional briefing from the parties, would likely lead to additional discovery expense, and would necessitate the parties to prepare to try a hitherto-unmentioned claim long after the litigation between the parties first came before this Court. To accomplish all of this, the trial, currently set for February 22, 2012, will necessarily be delayed. Considering the untimely filing of the Debtor's Motion to Amend, the further delay in this Court's ultimate adjudication of this Adversary Proceeding that has been pending since January 2009, the time and money already expended by the parties, and the additional time and money to be expended if the Motion were

---

[5] Judge John E. Ott mediated two settlement conferences, one on April 13, 2009, and the second on October 4, 2011. Neither resulted in a settlement of any issues.

7

granted, the interests of justice weigh against allowing Debtor to now assert its counterclaim.[6]

## CONCLUSION

Having concluded that the amendment of Debtor's Answer to include a counterclaim for breach of warranty of title would cause undue delay and would cause undue prejudice to HGC, the Court finds that Debtor's Motion to Amend to Include Counterclaim is due to be denied. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the relief sought in the Debtor's Motion to Amend to Include Counterclaim is hereby **DENIED**.

Dated: December 12, 2011

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM:dgm

xc: Steve Altmann, Attorney for the Debtor
Amy Hazelton, Attorney for HGC
Lee Benton, Attorney for HGC
Daniel D. Sparks, Attorney for First Commercial Bank
James Robert Bussian, Attorney for First Commercial Bank

---

[6] HGC has filed a Proof of Claim (Claim 7) in the main bankruptcy case for an "undetermined" amount. There is no objection to claim pending. While the Motion to Amend was under submission the Court deemed it appropriate to hold a status conference to bring to the parties' attention that a disposition of this adversary proceeding in its entirety would likely have a *res judicata* or collateral estoppel effect on the claims adjudication process. Both Debtor and HGC advised this Court that this consideration does not alter their respective positions as to the Motion to Amend.

8